**Yvette N. Goie KABUYA, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–71969.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 21, 2007.

Susan Rossiter, Porland, OR, for Petitioner.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Martin, Office of the U.S. Attorney, Portland, OR, for Respondent.

Before: LEAVY, FISHER, and BERZON, Circuit Judges.

MEMORANDUM \*\*

Yvette N'Goie Kabuya ("Kabuya"), a native and citizen of the Democratic Republic of Congo, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal of an immigration judge's (IJ) denial of her applications for asylum, withholding for removal, and protection under the Convention Against Torture (CAT). We have jurisdiction over this appeal under 8 U.S.C. § 1252(a). We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997), and we deny the petition.

Kabuya acknowledges that she has not faced past persecution, and instead bases her claim for asylum on a well-founded fear of future persecution on account of her imputed political opinion and membership in a social group. Substantial evidence supports the BIA's finding that Kabuya did not establish a well-founded fear of future persecution on account of a protected ground. Kabuya did not provide evidence that the current Congolese government is targeting family members of former President Mobutu's government officials. *See id.* at 1489–90.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because substantial evidence supports the BIA determination that Kabuya did not establish eligibility for asylum, we do not consider her challenge to the BIA's determination that she could relocate in the Democratic Republic of Congo.

Because Kabuya failed to establish a well-founded fear of persecution, she necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

In her opening brief, Kabuya failed to raise, and therefore has waived, any challenge to the BIA's determination that she is ineligible for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.